# IN THE
# SUPREME COURT
# OF TEXAS

**1606-15**

ORIGINAL

No. _____

## IN RE

### Ahmad Rasheed

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 07 2015

Abel Acosta, Clerk

V.

State of Texas,
Court of Appeals for the
thirteenth District of Texas
Corpus Christi-Edinburg/ No.
13-15-00532-CR

FILED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

---

ORIGINAL PETITION FOR REVIEW; PURSUANT TO:
Texas Rules of Appellate Procedure, Rule 56; & Texas
Supreme Court ACTION TO REVIEW COURTS OF APPEALS —

---

TO THE HONORABLE COURT JUSTICES of TEXAS SUPREME COURT:

Comes Now, Ahmad Rasheed, TDCJ No. 1448805; Whom is
NOT AN ATTORNEY; Yet, wishes this COURT to view this MOTION,
liberally, Construed in petitioner pro se's favor — See,
Hines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.
2d 652 —

This Appellant came before the COURT OF APPEALS, for the Thirteenth District of Texas at Corpus Christi-Edinburg; with his Appeal of criminal conviction, proper before said court – However; the 13th C.O.A. has committed grave error in its jurisdiction determination, causing this Petition for Review – This Petition for Review; pursuant to: T.R.A.P., Rule 56 (a)(5) is such an importance; that constitution rights are violated; in denying Appeal –

The 13th C.O.A. "Memorandum Opinion" erroneously refers to Relators Appeal as a habeas action; and, thereby DISMISSED Appeal as Habeas for W.O.J. –

this C.O.A. Order, 19 November 2015, was in before: Chief Justice Valdez, Justices Rodriguez and Perkes –

*Tex. Crim. App. 2003- stated: The Court of Appeals have constitutional and statutory jurisdiction to decide non-capital criminal cases on direct appeal – Carroll v. State, 101 SW3d 454 –

## JURISDICTION TO HEAR

this COURT: (Tex. 2011) - Supreme Court has juris-diction to determine the COURT OF APPEALS juris-diction - V.T.C.A. Gov't Code § 22.225 - Austin State Hosp. v. Graham, 347 SW3d 298 - We also find relevance in: The Supreme Court has jurisdiction to determine whether a court of appeals has properly declined jurisdiction - Lewis v. Funderburk, 253 SW3d 204

## DOCUMENTARY PROOF

As this Relator, ONLY has the Original "memor-andum of Opinion" and "Judgement" from the 13th COURT OF APPEALS; he, respectfully, requests this COURT have the 13th C.O.A., Clerk of Court, send up to this COURT a Complete and TRUE copy of such orders for jurisdiction review on Appeal before the 13th C.O.A.; sending copy of Appeal, as well - Relator has no way or means to copy his for COURT -

# PRAYER

Relator; in this 'Petition for Review', PRAYS this COURT GRANT REVIEW OF 13th COURT OF APPEALS error in jurisdiction determination, for the reasons stated herein this petition - Relator PRAYS this COURT to Sua Sponte any other Orders necessary to enforce jurisdiction in the 13th COURT OF APPEALS, for Relators Appeal - Causing Appeal to move forward -

Respectfully Submitted,

Executed this 3rd day of December 2015 -

_____
Mr. Ahmad Rasheed, #1448805
Petitioner pro se

## Inmates Declaration
### (28 U.S.C. §1746)

I, Ahmad Rasheed, #1448805; Do HEREBY DECLARE, under penalty of perjury, that everything in this 'Petition for Review', is TRUE AND CORRECT, to the best of my belief -

Sign _____
Ahmad Rasheed #1448805
DECLARANT SAYETH SO

ORIG = SUPREME COURT OF TEXAS
CC = file



# NUMBER 13-15-00532-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**AHMAD RASHEED,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

### On appeal from the 377th District Court
### of Victoria County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Memorandum Opinion Per Curiam

Appellant, Ahmad Rasheed, attempted to perfect an appeal from convictions for murder and deadly conduct. However, in 2008, we affirmed these convictions, and thereafter, appellant sought and obtained permission to file out-of-time petitions for discretionary review based on counsel's failure to timely notify appellant that his convictions had been affirmed. See Ex Parte Rasheed, Nos. AP-76,686 & AP-76,687,

2011 WL 5578942, at *1 (Tex. Crim. App. Nov. 9, 2011) (not designated for publication). Through this current appeal, appellant continues to attack the previously-mentioned convictions.

Jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West, Westlaw through 2015 R.S.); *Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Apps. for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Therefore, this appeal is DISMISSED for want of jurisdiction.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of November, 2015.

2